- 1 -

George Haines, Esq.  
Nevada Bar No. 9411  
David Krieger, Esq.  
Nevada Bar No. 9086  
HAINES & KRIEGER, LLC  
1020 Garces Ave.  
Las Vegas, NV 89101  
Phone: (702) 880-5554  
FAX: (702) 385-5518  
Email: info@hainesandkrieger.com  
Attorney for Sharrene Peterson  

E-FILED: December 28, 2009

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>**Sharrene Peterson**,<br><br>　　　　　　Debtor(s). | Case No. BKS-09-26771-MKN<br>Chapter 13<br><br>Hearing Date:  January 20, 2009<br>Hearing Time:  1:30 PM |

**DEBTOR'S OPPOSITION TO MOTION FOR  
RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING  
UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149  
EFFECTIVE JULY 1, 2009)**

　　　COMES NOW, Sharrene Peterson, by and through attorney, David Krieger, Esq., of the LAW OFFICES OF HAINES & KRIEGER, LLC, and in response to **USBANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STUCTURED ASSET INVESTMENT LOAN TRUST 2005-7's** ("Creditor") Motion for Relief from Automatic Stay states as follows:

　　　1.　　On September 08, 2009, Debtor filed the current Chapter 13 Petition in Bankruptcy with the Court.

　　　2.　　On or about December 15, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

- 1 -

3. Debtor's Plan disclosed that the Debtor is presently in the process of negotiating a loan modification with this Creditor (see *Debtor's Chapter 13 Plan*, attached hereto as Exhibit "1").

4. Debtor's Chapter 13 Plan sets aside "adequate protection" payments pursuant to 11 U.S.C. Section 361 and 11 U.S.C. Section 362 to protect this Creditor's interests while the Debtor negotiates a loan modification with this Creditor-Lender.

5. Further, the underlying property is integral to the Debtor's Chapter 13 Plan and is necessary to the Debtor's effective reorganization.

6. Accordingly, no cause exists under 11 U.S.C. Section 362(d) to lift the automatic stay.

7. Alternatively, the Court should either dismiss Creditor's motion or continue the instant motion for a sufficient time to allow Debtor and Creditor to complete the loan modification process.

8. In the event this Court is inclined to grant secured Creditor's request for relief from the automatic stay, the Debtor requests that Your Honor require Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

9. Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

WHEREFORE, Debtor requests:

1. USBANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STUCTURED ASSET INVESTMENT LOAN TRUST 2005-7's Motion be denied or, in the alternative, that Creditor's motion be continued for a sufficient amount of time to permit Debtor and Creditor to enter into a loan modification agreement; and/or

2. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtor an opportunity to elect court mandated mediation in State Court.

3. Such other relief as the Court finds appropriate.

Dated: December 28, 2009

/s/ David Krieger, Esq.
**Attorney for Debtor(s)**

### CERTIFICATE OF MAILING RE: DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

I hereby certify that on December 28, 2009, I mailed a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

/s/David Krieger, Esq.
Attorney for Debtor

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107

- 3 -